UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
JOSHUA GUSTAFSON,

                     **Plaintiff,**

        **-against-**

ALVIN AILEY DANCE FOUNDATION, INC.,

                  **Defendant.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**JOINT CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER**

**Civ. No. 25-cv-09680 (DAE)(SDA)**

WHEREAS, the counsel for Plaintiff Joshua Gustafson ("Plaintiff") and Defendant Alvin Ailey Dance Foundation, Inc. ("Defendant") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with this action:

1.      Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. This may include, but is not limited to, information that is proprietary, a trade secret, or otherwise sensitive non-public information, including but not limited to documents and information related to medical and mental health treatment and diagnoses ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "Confidential Information."

2.      The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3.      In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information disclosed, in accordance with applicable law and court rules.

4.    Information or documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

     a.    The requesting party and counsel, including in-house counsel;

     b.    Employees of such counsel assigned to and necessary to assist in the litigation;

     c.    Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

     d.    Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown that Confidential Information during and in preparation for their testimony and may not retain the Confidential Information; and

     e.    The Court (including the mediator, clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court), or the jury at trial.

The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

5.    Prior to disclosing or displaying the Confidential Information to any person, counsel must:

     a.    Inform the person of the confidential nature of the information or documents;

     b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

     c.    Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A. In the event such person refuses to sign Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

6.      The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information, provided that the material is designated pursuant to the procedures set forth herein no later than that latter of fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production.  If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7.      Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

8.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9.      All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal to the extent permitted by law (including without limitation any applicable rules of court) and kept under seal until further order of the Court. The parties shall follow the Court's rules and procedures pertaining to redactions and filing documents under seal. Where possible, the parties shall seek leave to file only the confidential portions of documents under seal.

10.     At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11.     Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena provided that the producing party promptly provides notice through the undersigned counsel of the request within a reasonably sufficient period of time for the non-producing party to object to its disclosure,

to the maximum extent permitted by law.

12.     The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. This Order may be enforced by either party and any violation may result in the imposition of sanctions by the Court.

SO STIPULATED AND AGREED.

Dated:  March 26, 2026
        New York, New York

GIORDANO LAW OFFICES, PLLC          JACKSON LEWIS PC
*Attorneys for Plaintiff*                   *Attorneys for Defendant*

By. _____     By: _____
    Carmen Jack Giordano, Esq.             Tania J. Mistretta, Esq.
    226 Lenox Avenue                       666 Third Avenue, 28th Floor
    New York, NY 10027                     New York, New York 10017
    Phone: 212-406-9466                    Phone: 212-545-4000
    jack@gio-law.com                       Tania.Mistretta@jacksonlewis.com

SO ORDERED.

_____
Hon. Stewart D. Aaron
United States Magistrate Judge
Dated: March 30, 2026